IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JEANNETTE SOTO SANTINI, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-124 (PTG/LRV) |
| | ) |
| JASON S. RUCKER, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on three motions to dismiss filed by three defendants. Dkts. 3, 4, 14. On January 27, 2023, Plaintiff, proceeding *pro se*, filed this action, naming nine defendants: (1) Andrew Palanzi ("Palanzi"); (2) T-C Ashford Meadows, LLC ("Ashford Meadows"); (3) Raymond F. Morrogh ("Morrogh"); (4) Judge Jason S. Rucker ("Judge Rucker"); (5) Judge William J. Minor, Jr. ("Judge Minor, Jr."); (6) Judge Susan J. Stoney ("Judge Stoney"); (7) Judge David J. Novak ("Judge Novak"); (8) Judge Thomas P. Mann ("Judge Mann"); and (9) Judge Brett A. Kassabian ("Judge Kassabian"). Dkt. 1 ("Compl.") at 1. Plaintiff purports to bring this suit as a federal tort claim, but her specific allegations concern "judicial misconduct, conflict [of] interest, financial interest, perjury, false statement," a rental contract dispute, and bias and prejudice levied against her. *Id.* at 1–2.

Defendants Palanzi, Ashford Meadows, and Judge Novak moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. Dkts. 3, 4, 14. Because Plaintiff is proceeding *pro se*, these three defendants advised Plaintiff that their motions could be granted on the papers if Plaintiff failed to file a response within twenty-one days of the filing of the motions.

*Id.*; *see* Local Rule 7(K) of the Eastern District of Virginia; *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Plaintiff filed oppositions to the motions. Dkts. 6, 18.

The Court has reviewed the parties' memoranda and this case is ripe for disposition. Drawing all reasonable inferences in Plaintiff's favor and assuming the truth of the well-pled factual allegations in the Complaint, the Court finds that it lacks jurisdiction over Plaintiff's claims pursuant to the *Rooker-Feldman* doctrine and because judicial immunity bars Plaintiff from bringing this suit against Defendant Judges Rucker, Minor, Jr., Stoney, Novak, Mann, and Kassabian (hereinafter "Defendant Judges"). Accordingly, and for the reasons set forth below, the Court will grant all three motions and dismiss this case against Defendants Palanzi, Ashford Meadows, and Judge Novak. For the same reasons, the Court will *sua sponte* dismiss Plaintiff's claims against Defendant Judges Rucker, Minor, Jr., Stoney, Mann, and Kassabian. Finally, because Plaintiff's Complaint fails to state a basis for the Court to assert subject matter jurisdiction over Defendant Morrogh, the Court will also, *sua sponte*, dismiss Plaintiff's claims against him.

## Background

Plaintiff's Complaint stems from events surrounding her March 2021 eviction, state court proceedings with Ashford Meadows, her previous landlord, and her disagreements with the Defendant Judges' adjudication of state and federal cases Plaintiff has filed. Compl. at 1. Ashford Meadows owns an apartment complex in Fairfax County, Virginia, where Plaintiff was once a tenant. *See id.* at 1–2. Defendant Palanzi is counsel for Ashford Meadows. *Id.* at 5. On or around December 2020, Defendant Palanzi, on behalf of Ashford Meadows, initiated a civil action to evict Plaintiff from her apartment. *See generally id.* at 1–3.

Plaintiff's Complaint alleges that Defendant Palanzi committed perjury when he purportedly called the state court on her behalf on January 28, 2021, the day before Plaintiff's trial

for an unlawful detainer, and reported that Plaintiff was sick with Covid-19. *See id.* at 2, 6. Despite Defendant Palanzi's alleged false claim, the trial was held, as scheduled, on January 29, 2021. *Id.* at 3. At the trial, Plaintiff was given the opportunity to raise arguments in opposition to the unlawful detainer claim, and she did so by asserting that: (1) she had broken her wrist and therefore had no income; (2) there were issues with her living conditions; and (3) she should not be evicted because of a purported "[s]tate emergency" barring evictions. *Id.* at 4. At the trial's conclusion, Defendant Judge Rucker awarded Ashford Meadows summary judgment for possession of Plaintiff's apartment and over $3,000 in court costs and attorney's fees. *See id.* Plaintiff neither paid nor appealed. *See id.* Accordingly, Plaintiff was evicted on March 1, 2021. *See id.* at 8.

The instant action is the fourth lawsuit Plaintiff has filed in a state or federal court alleging claims arising out of her eviction and surrounding state court proceedings. *See generally id.* at 4–8. First, on or around March 2, 2021, Plaintiff sued Defendants Palanzi and Ashford Meadows in Fairfax County General District Court. *See id.* at 4–5. In that case, Plaintiff raised various claims, including that Defendants committed perjury by calling the court on January 28, 2021 to falsely report that Plaintiff was sick and misstating the date that Plaintiff signed her lease agreement. *Id.* at 5. On April 7, 2021, Defendant Judge Minor, Jr. of Fairfax County General District Court dismissed Plaintiff's claims against Defendant Palanzi with prejudice. Dkt. 3-3 at 2. Defendant Judge Stoney of the same court also entered judgment in favor of Ashford Meadows. *See* Compl. at 6; *see also Soto Santini v. Rucker, et al.*, No. 3:22-cv-370, Dkt. 33 at 5. Plaintiff did not appeal Judge Minor, Jr.'s or Judge Stoney's decisions.

On December 28, 2021, Plaintiff filed a complaint in the Circuit Court for Fairfax County, again accusing Defendants Palanzi and Ashford Meadows of perjury, wrongful eviction, and execution of a deceptive rental contract. *See* Dkt. 3-4 at 2–3. Plaintiff also named Judges Rucker

3

and Minor, Jr. as defendants to the action, accusing the judges of misconduct, having conflicts of interest, and discriminating against her. *Id.* at 2–3, 5–6. On March 25, 2022, after a hearing, Defendant Judge Mann dismissed Plaintiff's complaint against Defendants Palanzi and Ashford Meadows. *See* Dkts. 3-5, 4-4; *see also* Compl. at 10. On April 29, 2022, Defendant Judge Kassabian granted Judge Rucker's and Judge Minor, Jr.'s plea of judicial immunity. *Soto Santini*, No. 3:22-cv-370, Dkt. 33 at 6; *see also* Compl. at 11.

Once again, Plaintiff failed to appeal Judge Mann and Judge Kassabian's rulings. Instead, on May 10, 2022, Plaintiff filed her first federal lawsuit in this Judicial District in the Richmond division. *See id.* at 7. Plaintiff raised identical claims as in the prior state court proceedings, naming Defendant Judge Stoney as an additional defendant, and raising allegations against Defendant Judges Mann and Kassabian, though the judges were not officially named as defendants in the lawsuit. *See Soto Santini*, No. 3:22-cv-370, Dkt. 1. On December 5, 2022, District Judge David J. Novak, now a defendant in the instant case, issued a final judgment, dismissing Plaintiff's federal case without prejudice. *See id.*, Dkt. 34. In a detailed memorandum opinion, Judge Novak explained that (1) Plaintiff's claims were barred by the *Rooker-Feldman* doctrine because Plaintiff's complaint amounted to a direct appeal of unfavorable state-court judgments; (2) even if the *Rooker-Feldman* doctrine did not bar Plaintiff's claims, judicial immunity nevertheless shielded the defendant judges from suit because Plaintiff's claims against them were based on conduct they performed in their roles as presiding judges and Plaintiff failed to allege that the judges acted in clear absence of jurisdiction; and (3) Plaintiff failed to state a claim because her complaint did not allege facts constituting an intentional tort, negligence, a constitutional violation, or any other cognizable cause of action against the defendants. *See id.*, Dkt. 33 at 10–14. Plaintiff did not appeal Judge Novak's dismissal of her case.

4

On January 27, 2023, Plaintiff filed the operative Complaint in this case. Compl. at 1. Plaintiff's Complaint raises the same factual allegations as those already addressed, and dismissed, in the first federal case she filed. *Compare Santini v. Rucker et al.*, No. 1:23-cv-124, Dkt. 1 at 2–6, 8–11, *with Soto Santini*, No. 3:22-cv-370, Dkt. 1 at 1–7. The only differences between Plaintiff's instant Complaint and her complaint in the previous federal lawsuit are that the instant Complaint formally lists Judges Mann, Kassabian, and Novak as defendants, and it alleges a federal tort claim against all defendants. *See* Compl. at 1.

On March 8, 2023, Defendants Palanzi and Ashford Meadows filed separate Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Dkts. 3, 4. As both Motions are nearly identical and assert the same grounds for dismissal, the Court will analyze them together. In their Motions, Defendants Palanzi and Ashford Meadows contend that this Court lacks subject matter jurisdiction to hear Plaintiff's case pursuant to the *Rooker-Feldman* doctrine and, furthermore, Plaintiff's claims are barred under the principal of *res judicata*.[1] Dkt. 3 at 5; Dkt. 4 at 4–5. On March 14, 2023, Plaintiff filed an Opposition, purporting to respond to both Defendants Palanzi and Ashford Meadows' Motions to Dismiss. Dkt. 6.

On April 24, 2023, Defendant Judge Novak filed a Motion to Dismiss, contending that Plaintiff's claim against him must be dismissed because he is entitled to absolute judicial immunity. Dkts. 14, 15 at 4. On May 5, 2023, Plaintiff filed an Opposition. Dkt. 18. Defendant Judge Novak replied on May 22, 2023. Dkt. 21.

To date, Defendant Morrogh has neither filed a motion to dismiss nor any other responsive pleading to Plaintiff's Complaint, and the time to do so has passed. Additionally, it does not appear

---

[1] Because the Court finds that the *Rooker-Feldman* doctrine bars Plaintiff's claims, the Court does not reach Defendants' *res judicata* arguments.

that Plaintiff ever effected service on Defendant Judges Rucker, Minor, Jr., Stoney, Mann, and Kassabian. Despite this, the Court finds that this entire case is ripe for resolution.[2]

## Legal Standard

Federal district courts are courts of limited subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Lack of subject matter jurisdiction is raised in a motion under Federal Rule of Civil Procedure 12(b)(1). *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1994). When a defendant challenges subject matter jurisdiction, the plaintiff bears the burden of establishing that subject matter jurisdiction is proper by a preponderance of the evidence. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Brickwood Contractors, Inc. v. Datanet Eng'g*, 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court."); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (noting that in this Circuit, "a federal court is obligated to dismiss a case whenever it appears the court lacks subject matter jurisdiction").

---

[2] While Defendants Palanzi, Ashford Meadows, and Judge Novak's Motions to Dismiss remained pending, Plaintiff filed the following motions: a Motion A Choice of Law Clause, Venue to U.S. Court Federal Claims (Dkt. 5); a Motion for Clerk Employees to be in Court Hearing False Statement, Misrepresentation, Obstruction Justice (Dkt. 17); a Motion Requesting Status Defendants Affidavit (Dkt. 19); a Petition to Add a New Defendant (Dkt. 23), in which Plaintiff seeks to add the United States as a defendant in this case; a Motion to Amend Complaint (Dkt. 27), in which Plaintiff seeks to add the United States as a defendant in her Complaint; a Motion to Process Conference Call (Dkt. 29); and a Motion to Appeal (Dkt. 31). In granting Defendants' three Motions to Dismiss and dismissing this case against all named defendants, the Court will deny these pending motions as moot.

Additionally, "[a]lthough somewhat distinct from subject matter jurisdiction, courts have often considered immunity arguments, including arguments of judicial immunity, on Rule 12(b)(1) motions to dismiss." *Crawford v. Hughes*, No. 3:20-cv-813, 2021 WL 2125031, at *5 n.15 (E.D. Va. May 25, 2021) (quoting *Chien v. Motz*, No. 3:18-cv-106, 2019 WL 346761, at *6 (E.D. Va. Jan. 7, 2019), *report and recommendation adopted*, No. 3:18-cv-106, 2019 WL 346406, at *1 (E.D. Va. Jan. 28, 2019)).

### I. The Court Lacks Subject Matter Jurisdiction Pursuant to the *Rooker-Feldman* Doctrine

Defendants Palanzi and Ashford Meadows argue that Plaintiff's claims against them are barred by the *Rooker-Feldman* doctrine.[3] *See* Dkt. 3 at 5–6; Dkt. 4 at 5–6. Because the doctrine is jurisdictional, the Court is obligated to address it before considering the merits of Plaintiff's claims. *See Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 196 (4th Cir. 2002). "Under the *Rooker-Feldman* doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state court judgment in a United States district court.'" *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). "[T]he *Rooker-Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006). Therefore, "the pivotal inquiry is whether the federal plaintiff seeks to set aside a state court judgment or whether [s]he is, in fact, presenting an independent claim." *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 202 (4th Cir. 2000) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 555 (7th Cir. 1999)).

---

[3] *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

Here, although Plaintiff claims to bring a federal tort claim against the defendants, the Complaint's allegations arise from her discontentment with various state court judgments. As noted above, this is the fourth lawsuit—and the second one filed in federal court—that Plaintiff has initiated pertaining to the events, and subsequent court proceedings, surrounding her March 2021 eviction. With each new lawsuit, Plaintiff raises the same allegations against Defendants Palanzi and Ashford Meadows that competent courts have already adjudicated. *Compare* Compl. at 3, 6 (accusing Defendants Palanzi and Ashford Meadows of perjury and Defendant Ashford Meadows of issuing a deceptive rental contract), *with* Dkt. 3-4 at 2 (accusing Defendants Palanzi and Ashford Meadows of perjury and Defendant Ashford Meadows of wrongfully evicting Plaintiff). Plaintiff also levies the same claim against each judge: alleged misconduct while presiding over the case that Plaintiff brought before them. *See* Compl. at 3 ("There are Judges in Fairfax who are practicing conflict of interest, financial interest, and prejudicial bias."); *id.* at 7 (stating contrived reasons for being suspicious of Judge Novak and wanting to report him "for Judicial Disability"). There is only one distinction between each subsequent complaint Plaintiff has filed, including the Complaint in the instant action, and the one that preceded it: the subsequent complaint adds any judge that ruled against Plaintiff in the previous court proceeding as a defendant. *Compare id.* at 1 (naming Judges Rucker, Minor, Jr., Stoney, Novak, and Mann as Defendant Judges in the instant action), *with* Dkt. 3-4 at 2 (naming only Judges Rucker and Minor Jr. as the defendant judges in the second state court lawsuit Plaintiff filed on December 28, 2021).

Plaintiff's Complaint fails to raise any new and independent claims against Defendants Palanzi and Ashford Meadows, or against Defendant Judges Rucker and Minor, Jr., that have not already been adjudicated during the prior state court proceedings. Rather than appealing any of the prior state court judgments, Plaintiff initiated this civil action to ask the Court to redress harm

8

Plaintiff allegedly suffered as a result of those previous rulings. Because Plaintiff's Complaint is essentially a direct appeal of state court judgments, the Court lacks jurisdiction over her claims and must dismiss this civil action pursuant to the *Rooker-Feldman* doctrine. Accordingly, the Court need not explore any additional grounds for dismissal presented by Defendants Palanzi and Ashford Meadows. Additionally, the Court will, *sua sponte*, dismiss Plaintiff's claims against Judges Rucker and Minor, Jr., as the *Rooker-Feldman* doctrine also bars suit against them.

## II. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims Against Defendant Morrogh

In her Complaint, Plaintiff raises a "federal tort claim" against all defendants, including Defendant Raymond Morrogh. *See* Compl. at 1–2. With respect to Defendant Morrogh, Plaintiff states that she is suing him because Defendant Morrogh told her "you need a lawyer" in apparent response to her complaints about Defendant Judges. *Id.* at 4. By alleging a federal tort claim, Plaintiff presumably seeks to invoke the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*, as the basis for the Court's jurisdiction over Defendant Morrogh. "Whether a claim falls within the purview of the [FTCA] presents an issue of subject matter jurisdiction[.]" *Clendening v. United States*, 19 F. 4th 421, 426 (4th Cir. 2021).

Here, despite Plaintiff's assertion to the contrary, Plaintiff cannot raise a federal tort claim against Defendant Morrogh. As a matter of law, claims brought under the FTCA can only be made against the United States, not a private citizen. *See generally FDIC v. Meyer*, 510 U.S. 471, 477–78 (1994). Therefore, Plaintiff's claims against Defendant Morrogh are not actionable under the FTCA and as such, the Court lacks subject matter jurisdiction over this claim. Accordingly, the Court will *sua sponte* dismiss Plaintiff's Complaint against Defendant Morrogh.

### III. Judicial Immunity Bars Plaintiff from Bringing Suit Against Defendant Judges

In his Motion to Dismiss, Judge Novak argues that Plaintiff's claims against him must be dismissed as he is entitled to absolute immunity for his judicial decisions in Plaintiff's first federal case. *See* Dkt. 15 at 2. The Court agrees and finds that Plaintiff's claims against all Defendant Judges fail because judicial immunity shields Defendant Judges from suit in this case.

"[A] judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (alteration in original) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)). The doctrine of judicial immunity serves to "protect[] the finality of judgments[,]" "discourag[e] inappropriate collateral attacks," and "protect[] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988). Accordingly, "[j]udges performing judicial acts within their jurisdiction are entitled to absolute immunity from civil liability claims." *In re Mills*, 287 F. App'x 273, 279 (4th Cir. 2008).

Absolute judicial immunity can only be overcome if the judge's action either (1) was "undertaken in the 'clear absence of all jurisdiction'" or (2) constituted a "non-judicial act." *King v. Myers*, 973 F.2d 354, 356, 359 (4th Cir. 1992) (quoting *Stump*, 435 U.S. at 356–57). As to the first exception, courts must distinguish between "acts that are performed in 'excess of jurisdiction' and those performed in the 'clear absence of all jurisdiction over the subject-matter,' with the former type of act accorded immunity." *Id.* at 356–57 (quoting *Stump*, 435 U.S. at 356 n.6). Therefore, a judge will be entitled to immunity so long as, "at the time [the judge] took the challenged action[,] he had jurisdiction over the subject matter before him." *Stump*, 435 U.S. at 356. As to the second exception, a court must determine whether the challenged action "is one normally performed by a judge, and whether the parties dealt with the judge in his or her judicial

10

capacity." *King*, 973 F.2d at 357 (citing *Stump*, 435 U.S. at 359). If the court determines that the challenged action was a judicial act, then the judge will be entitled to judicial immunity. *See id.*

Neither of these two exceptions apply to Judge Novak or the other Defendant Judges in this case. First, the Complaint's allegations do not establish that the Defendant Judges "acted in the 'clear absence of all jurisdiction'" while presiding over the cases Plaintiff brought before them. *Id.* (quoting *Stump*, 435 U.S. at 357). Plaintiff argues that following the January 2021 trial before Judge Rucker, Defendant Judges lacked jurisdiction because "those Judges have conflict[s] of interest[.]" *See* Compl. at 11. And yet, Plaintiff herself chose to file the complaints heard by Defendant Judges in the state and federal courts with which she initiated the previous civil actions. As such, Plaintiff consented to Defendant Judges' exercise of personal jurisdiction over her. *See, e.g.*, *Skillings v. Franks*, No. 1235-17-2, 2018 WL 707500, at *3 (Va. Ct. App. Feb. 6, 2018) (holding that the plaintiff consented to the court's exercise of personal jurisdiction because the plaintiff invoked the court's jurisdiction in the underlying matter and filed pleadings requesting affirmative relief); *see also Leman v. Krentler-Arnold Hinge Last Co.*, 284 U.S. 448, 451 (1932) (finding jurisdiction was proper because by bringing suit in federal district court, the plaintiff "submitted itself to the jurisdiction of the court with respect to all the issues embraced in the suit").

The state court Defendant Judges—Judges Rucker, Minor Jr., Stoney, Mann, and Kassabian—presided over a case in which Plaintiff sued Virginia residents in state court based on allegations arising from her eviction from an apartment in Virginia. Accordingly, the state court Defendant Judges had jurisdiction over the subject matter of the complaints Plaintiff brought before them. Similarly, Defendant Judge Novak had jurisdiction over Plaintiff's first federal lawsuit. Plaintiff filed suit in the district court in which Defendant Judge Novak is a district judge, and in adjudicating Plaintiff's complaint and the respective motions to dismiss filed in that case,

Defendant Judge Novak applied applicable law and acted in accordance with the Federal Rules of Civil Procedure. Therefore, none of the Defendant Judges acted in clear absence of jurisdiction when presiding over Plaintiff's prior civil actions.

Plaintiff has also failed to provide support for her argument that Defendant Judges' actions do not constitute judicial acts. Although Plaintiff accuses Defendant Judges of prejudice and purported misconduct, the claims Plaintiff levies against them all relate to actions these defendants took while in their roles as presiding judges, including determining the presentation of evidence at trial, evaluating the admissibility of exhibits, and ruling on various motions. Furthermore, Plaintiff only interacted with Defendant Judges in their official capacity as judges while she was a party to the civil actions appearing before them. Thus, the actions of Defendant Judges that Plaintiff takes issue with constitute judicial acts. Finally, even if Plaintiff's allegations that Defendant Judges decided her case with "prejudice" and "misconduct" were true, these allegations do not defeat Defendant Judges' entitlement to judicial immunity because, as held by the U.S. Supreme Court, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority[.]" *Stump*, 435 U.S. at 356–57.

As neither of the two exceptions to judicial immunity apply to Plaintiff's claims, the Court finds that Defendant Judge Novak and the other Defendant Judges are entitled to absolute immunity from suit in this case. Accordingly, Plaintiff's claims against Defendant Judges must be dismissed.[4]

Finally, the Court will address whether Plaintiff should be given leave to, metaphorically speaking, take another bite at the apple in trying to sue these defendants. District courts have

---

[4] Given this ruling, the Court need not address Defendant Judge Novak's argument that Plaintiff's claims against him should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See* Dkt. 15 at 7 n.3.

12

discretion to determine if further amendment to a complaint would be futile. *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Dismissal of a case with prejudice is warranted where "amendment would be futile in light of the [complaint's] fundamental deficiencies[.]" *Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008). Here, the Court finds that Plaintiff cannot cure the jurisdictional issue related to her Complaint against Defendants, and further amendment would be futile. While the Court sympathizes with the difficulties a *pro se* plaintiff may have in navigating the legal system, this Court cannot be used as a gateway for Plaintiff to relitigate cases properly adjudicated, appeal unfavorable state court judgments, and continue to sue judges who rule against her. For the foregoing reasons, the Court dismisses Plaintiff's claims against all defendants with prejudice.

Accordingly, upon consideration of Defendants' Motions to Dismiss (Dkts. 3, 4, 14), it is hereby

**ORDERED** that Defendant Palanzi's Motion to Dismiss (Dkt. 3), Defendant Ashford Meadows' Motion to Dismiss (Dkt. 4), and Defendant Judge Novak's Motion to Dismiss (Dkt. 14) are **GRANTED**; and it is further

**ORDERED** that Defendant Morrogh and Defendant Judges Rucker, Minor Jr., Stoney, Mann, and Kassabian be and are **DISMISSED** from this case; and it is further

**ORDERED** that Plaintiff's Motion A Choice of Law Clause, Venue to U.S. Court Federal Claims (Dkt. 5); Motion for Clerk Employees to be in Court Hearing False Statement, Misrepresentation, Obstruction Justice (Dkt. 17); Motion Requesting Status Defendants Affidavit (Dkt. 19); Petition to Add a New Defendant (Dkt. 23); Motion to Amend Complaint (Dkt. 27); Motion to Process Conference Call (Dkt. 29); and Motion to Appeal (Dkt. 31) are **DENIED AS**

**MOOT**; and it is further

**ORDERED** that the case is hereby **DISMISSED WITH PREJUDICE**.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Order to Plaintiff, who is proceeding *pro se*.

Dated: October 5, 2023
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge